UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRELL LEATH,

        Petitioner,

vs.                                Case No. 3:07-cv-145-J-32HTS

WALTER A. MCNEIL,[1] et al.,

        Respondents.

_____

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner Darrell Leath, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on January 4, 2007, pursuant to the mailbox rule.[2] The case was transferred to

---

[1] Walter A. McNeil, the Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James R. McDonough, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The Petition (Doc. #1) was filed in the United States District Court for the Northern District of Florida on February 7, 2007; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (January 4, 2007). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

this Court on February 28, 2007. Petitioner challenges a 2001 state court (Duval County, Florida) judgment of conviction for attempted sexual battery.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitations as set forth in 28 U.S.C. § 2244(d). <u>See</u> Respondents' Motion to Dismiss Amended Petition for Writ of Habeas Corpus (Doc. #15).[3] Petitioner was given admonitions and a time frame to respond. <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #7). Petitioner has replied. <u>See</u> Petitioner's Untitled Documents (Docs. #17, #18).

The following procedural history is relevant. Following his arrest on February 15, 2001, Petitioner Leath was charged, by Information, with one count of sexual battery of a child (Marcus Lee). Ex. B; Ex. C. On August 3, 2001, pursuant to a written Plea of Guilty and Negotiated Sentence, Petitioner entered a plea of guilty to the lesser offense of attempted capital sexual battery and was sentenced that same day to ten years of imprisonment followed by ten years of sex offender probation. Ex. D; Ex. E, Transcript of the Plea Proceeding (hereinafter Plea Tr.); Ex. F.

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

Therefore, Petitioner's conviction became final thirty days later on September 2, 2001. See Fla. R. App. P. 9.140(b)(3); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, his conviction becomes final when the thirty-day period for filing a direct appeal expires). Thus, Petitioner should have filed his Petition in this Court on or before September 2, 2002, unless he had any properly filed applications pending in state court that tolled the one-year limitations period.

On January 14, 2002, March 8, 2002, and March 25, 2002, Petitioner filed three handwritten letters (Ex. G, Ex. K; Ex. O). On March 11, 2003, the state court construed the three letters as a motion for post conviction DNA testing pursuant to Fla. R. Crim. P. 3.853 and denied the motion as facially insufficient as a matter of law. Ex. V. A Rule 3.853 motion does not toll the one-year limitations period. A motion for DNA testing filed in Florida is not an "'application for post-conviction or other collateral review with respect to the pertinent judgment,' for purposes of the AEDPA tolling statute." Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335, 1337 (11th Cir. 2008) (quoting 28 U.S.C. § 2244(d)(2)). The Court, in Brown, explained that, "[w]hile a properly filed Rule 3.850 motion seeking to set aside a conviction would undoubtedly toll AEDPA's limitations period during its pendency, it is equally as well-settled that a discovery motion," such as a Rule 3.853

4

motion requesting DNA testing, does not toll.  Id. at 1338 (citations omitted).

The one-year period of limitations ran for one-hundred and seventy (170) days until Petitioner filed his February 21, 2002, motion for post conviction relief filed pursuant to Fla. R. Crim. P. 3.850.  Ex. H.  Additionally, Petitioner filed numerous post conviction motions as well as other documents that were construed as post conviction motions.  Ex. I; Ex. J; Ex. L; Ex. N[4]; Ex. P; Ex. Q; Ex. R; Ex. T).  On March 11, 2003, the court denied the motions.  Ex. U (denying Ex. P, Ex. J, Ex. Q); Ex. W (denying Ex. H, Ex. I, Ex. L, Ex. N); Ex. X (denying Ex. R and Ex. T).  Petitioner did not appeal the denial of any of these motions. Thus, with all of the above-cited motions being denied on the same date (March 11, 2003), the one-year period of limitations remained tolled until April 10, 2003 (the expiration of the thirty-day time period in which he had to file a notice of appeal).

When the clock began to run again on April 11, 2003, Petitioner had one-hundred and ninety-five (195) days remaining on

---

[4] A Rule 3.800(c) motion does not toll the time under the AEDPA because it is only a means to seek a reduction of a legal sentence and is not an attack on the constitutionality or legal correctness of a sentence or judgment, and therefore, a Rule 3.800(c) motion does not qualify as an "application for State post-conviction or other collateral review with respect to the pertinent judgment" under 28 U.S.C. § 2244(d)(2).  See Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1297 (11th Cir. 2008).

the one-year period of limitations clock.  Thus, the one-year limitations period expired on October 23, 2003, unless Petitioner "properly filed" an application for state post conviction or other collateral review with respect to the pertinent judgment.

Petitioner filed numerous motions in state court; however, they did not toll the one-year period of limitations because they were either not properly filed or did not qualify as an application for post conviction or other collateral review with respect to the pertinent judgment for purposes of the AEDPA tolling statute under 28 U.S.C. 2244(d)(2).

For example, on May 13, 2003, Petitioner filed his Petition for Post-Sentencing DNA Testing pursuant to Fla. R. Crim. P. 3.853, which the court denied on May 28, 2003, as facially insufficient. Ex. Y; Ex. Z.  Petitioner's motion for rehearing was denied on July 16, 2003, and he did not appeal.  Ex. A; Ex. AA.  As previously noted, a Rule 3.853 motion for DNA testing does not toll the one-year limitations period.  Brown, 530 F.3d at 1337.

Further, Petitioner filed two handwritten letters (filed July 24, 2003, and July 25, 2003) and an affidavit (filed on July 28, 2003), which the court construed as a motion to withdraw plea pursuant to Fla. R. Crim. P. 3.170.  Ex. BB.  On November 4, 2003, the motion was denied as untimely, and Petitioner did not appeal. Ex. CC.  This motion did not toll the limitations period since it was denied as untimely and thus was not "properly filed."  Brown,

6

530 F.3d at 1337, 1338 (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005); Artuz v. Bennett, 531 U.S. 4, 5 (2000)).

On October 8, 2003, Petitioner filed another motion for post conviction DNA testing pursuant to Rule 3.853. Ex. DD. On November 4, 2003, the court denied the motion, and Petitioner did not appeal. Ex. EE; Ex. A. As previously noted, a Rule 3.853 motion for DNA testing does not toll the one-year limitations period. Brown, 530 F.3d at 1337.

After the expiration of the one-year limitations period on October 23, 2003, Petitioner Leath continued to file motions in state court. However, it is clear that when post conviction motions are filed after the expiration of the federal limitations period, the motions cannot toll the limitations period because there is no period left. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitations period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the

limitations period cannot toll that period because there is no period remaining to be tolled.").

Additionally, Petitioner initiated a habeas corpus case in federal court in Case No. 3:05-cv-450-J-32HTS on May 16, 2005, which was a year and one-half after the expiration of the one-year period of limitations. This Court, on December 13, 2005, dismissed the case without prejudice for his lack of prosecution and failure to respond to the Court's Orders. See Case No. 3:05-cv-450-J-32HTS, Court's Order (Doc. # 17), filed December 13, 2005; Ex. CCC.

Thus, the Petition, filed on January 4, 2007, is untimely filed in federal court. Petitioner was given the opportunity to address why the dictates of the one-year limitations period should not be imposed upon him. He filed two documents (Docs. #17, #18), in which he states that he did not commit the crime.

To make a showing of actual innocence, Petitioner must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Court stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what

> reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

Thus, this Court finds that Petitioner has not made a showing of actual innocence. He has failed to establish that his guilty plea "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted); United States v. Montano, 398 F.3d 1276, 1285 n.8 (2005); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2nd Cir.) ("Where the defendant pleaded guilty (as in the instant case), and therefore did not have the evidence in his case evaluated by a jury, the standard nevertheless remains the same – *i.e.,* the petitioner still must show that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'") (citations omitted), cert. denied, 531 U.S. 873 (2000).

The record contradicts any claim of actual innocence. During the plea colloquy, Petitioner stated under oath to the trial judge

that he understood the plea agreement.  See Plea Tr.  He affirmed that he understood that, by pleading guilty to attempted capital sexual battery, he would be giving up the right to require the State to prove his guilt beyond a reasonable doubt.  Id. at 6.  He also confirmed that he understood that he would not have a jury trial.  Id.  Petitioner understood that he was charged with capital sexual battery and that, by pleading guilty to the lesser offense of attempted sexual battery, he would not be exposed to a potential life imprisonment sentence, but rather would plead guilty to attempted sexual battery in exchange for a sentence of ten years of imprisonment followed by ten years of sex offender probation.  Id. at 7.

The prosecutor set forth the factual basis for the guilty plea:

> If the State were to proceed to trial, it would be ready to prove beyond a reasonable doubt that Darrell Lavern Leath in Jacksonville, Duval County, on and between the 1st day of March 2000 and the 12th day of February 2001, being 18 years of age or older, did commit a sexual battery upon or injure the sexual organ of Marcus Leath, a person less than 12 years of age, by placing his penis in or upon the anus of Marcus Leath, contrary to 794.011(2)(A), Florida Statutes.

Id. at 12-13.  Defense counsel had no objection to the statement of the factual basis for the plea.  Id. at 13.

After reviewing the entire record before this Court, it is evident that Petitioner has failed to demonstrate that it is more

likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. Petitioner has failed to identify any evidence that was unavailable which would support a claim of actual innocence. The Court finds Petitioner's allegations of actual innocence to be insufficient.

Finally, Petitioner has not set forth any facts showing he is entitled to equitable tolling.  The United States Supreme Court set forth the two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007); Downs v. McNeil, 520 F.3d 1311, 1318 (Fla. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008).  Petitioner has not met this burden.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   Respondents' Motion to Dismiss Amended Petition for Writ of Habeas Corpus (Doc. #15) **GRANTED.**

2.   This case is **DISMISSED** with prejudice.

3.    The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of December, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

sc 11/21
c:
Darrell Leath
Assistant Attorney General (Jordan)